**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4601-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARENCE E. SCOTT,

    Defendant-Appellant.

_____

        Submitted November 5, 2020 – Decided December 17, 2020

        Before Judges Alvarez and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 98-05-0493.

        Clarence E. Scott, appellant pro se.

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clarence E. Scott appeals the Law Division's dismissal of his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2002, a jury found defendant guilty of first-degree murder, first-degree attempted murder, first-degree robbery, second-degree certain persons not to have a weapon, and related weapon and assault offenses. After merger, defendant was sentenced to an aggregate life term with thirty-five years of parole ineligibility for murder, to run consecutive to a sentence defendant was serving on an earlier conviction. He was also sentenced to a consecutive twenty-year term for robbery subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7, and a consecutive twenty-year term for attempted murder subject to NERA. We affirmed defendant's conviction on his direct appeal. State v. Scott, No. A-1732-03 (App. Div. Feb. 2, 2006). Our Supreme Court granted defendant's petition for certification limited to the issue of his sentence on the robbery and attempted murder charges, and the matter was remanded to the trial court for resentencing in light of State v. Natale, 184 N.J. 458 (2005). State v. Scott, 187 N.J. 488 (2006).

Defendant's first PCR petition was denied in September 2008. We affirmed the denial on appeal. State v. Scott, No. A-2047-08 (App. Div. Aug. 3, 2010), cert. denied, State v. Scott, 205 N.J. 101 (2011).

Defendant filed his second PCR petition in 2015, alleging ineffective assistance of trial counsel, first PCR counsel, and PCR appellate counsel. Judge Ronald B. Sokalski issued an order and written opinion determining the petition was time-barred by Rule 3:22-12(a)(2) and procedurally barred by Rule 3:22-4(b). We affirmed that order. State v. Scott, No. A-3846-16 (App. Div. June 18, 2018), cert. denied, State v. Scott, 235 N.J. 455 (2018).

The within third PCR petition was filed in April 2019. A month later, Judge Sokalski issued an order and written opinion denying relief on the papers without an evidentiary hearing. As with the dismissal of the second PCR petition, the judge decided that defendant's claims were time- and procedurally barred, Rule 3:22-12(a)(2), Rule 3:22-4(b), and Rule 3:22-5, respectively.

Before us, defendant contends:

> POINT I
>
> APPELLANT'S INITIAL JULY 13, 2015 SECOND PCR BASED ON THE UNITED STATES SUPREME COURT HOLDING IN [MARTINEZ],[1] WAS NEVER ADJUDICATED; THE TIMELINESS OF HIS

---

[1] Martinez v. Ryan, 566 U.S. 1 (2012).

SEPTEMBER 10, 2015 SECOND PCR SUPPLEMENT AND THE TIMELINESS OF THE OCTOBER 23, 2018 THIRD PCR IS INEXTRICABLY INTERTWINED WITH THE TIMELINESS OF THE JULY 13, 2015 INITIAL SECOND PCR, WHICH WAS NEVER RULED UPON, AND THE DENIAL OF HIS THIRD PCR AND SECOND PCR SUPPLEMENT WITHOUT FIRST RULING ON THE SECOND PCR INITIAL FILING VIOLATED HIS RIGHT TO DUE PROCESS OF LAW AND ACCESS TO THE COURTS. (U.S. CONST. AMENDS V, VI, & XIV).

[A.] Post-Conviction Relief Standard of Review.

[B.] Second PCR Time Limitations.

[C.] Equitable Tolling Applies.

[D.] Due Diligence/Reasonable Diligence.

POINT II

EVIDENTIARY HEARING IS REQUIRED ON THIS MATTER.

[A.] Trial [a]nd First PCR Counsels Were Ineffective.

We affirm substantially for the reasons set forth in Judge Sokalski's cogent written decision, adding the following comments.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687

4

(1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting Strickland). The mere raising of PCR does not entitle the defendant to an evidentiary hearing, State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), because the court reviewing claims of ineffective assistance has the discretion to grant an evidentiary hearing only if the defendant makes a prima facie showing in support of the requested relief, State v. Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

A PCR claim is not a substitute for a direct appeal and must hurdle some time- and procedural bars. R. 3:22-3. "[A] defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal . . . or to relitigate a claim already decided on the merits . . . ." State v. Goodwin, 173 N.J. 583, 593 (2002).

In accordance with Rule 3:22-12(a)(2), a second PCR petition must be filed within one year of either the date that "the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey;" or "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier

[with] . . . reasonable diligence;" or "the date of the denial of the first or subsequent [PCR petition] where ineffective assistance of counsel . . . [therein] is being alleged." While these time limits may be waived to prevent a fundamental injustice, they must be viewed in light of their dual key purposes: to "ensure that the passage of time does not prejudice the State's retrial of a defendant" and "to respect the need for achieving finality[.]" State v. DiFrisco, 187 N.J. 156, 166-67 (2006) (quoting State v. Mitchell, 126 N.J. 565, 576 (1992)).

Under Rule 3:22-4, a defendant is barred from raising any issue in a second PCR petition that could have been raised on direct appeal or in the first PCR petition unless one of three exceptions apply. The petition must "allege[] on its face" one of the three criteria: (1) the petition "relies on a new rule of constitutional law . . . that was unavailable during the pendency of any prior proceedings[,]" (2) "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence," or (3) the "petition alleges a prima facie case of ineffective assistance of counsel" of prior PCR counsel. R. 3:22-4(b)(2).

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the

conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings."  "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5 ).  "[A] defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits."  State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Guided by these principles, the judge correctly determined that defendant's third PCR petition claims were either raised in fact or should have been raised in his first PCR petition or within one year of either his first or second petitions.  Further, we agree with the judge that defendant has not demonstrated it would be fundamentally unjust to consider any claims that are procedurally barred by Rule 3:22-4.

To the extent we have not addressed any of defendant's arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4601-18T4